## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

| | | |
|---|---|---|
| **ALBERTA NORMAN, individually and on behalf of other similarly situated individuals,** | : : : | |
| | : | **Civil Action No.** 2:19-cv-170-KS-MTP |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NEIGHBORHOOD HEALTHCARE PROVIDERS, PLLC** | : : | (JURY TRIAL DEMANDED) |
| | : | |
| **Defendant.** | : | |

### PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff Alberta Norman ("Plaintiff"), individually and on behalf of all other similarly situated current and former healthcare workers of Neighborhood Healthcare Providers, PLLC ("Defendant"), brings this action against Defendant for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Plaintiff states the following as her claims against Defendant:

### INTRODUCTION

1.      Plaintiff brings claims to recover unpaid overtime compensation under § 216(b) of the FLSA.  She brings these claims as a putative collective action, individually, and on behalf of and all current or former healthcare workers employed by Defendant from three (3) years before the filing of this Complaint to the present.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Plaintiff's claims arise under § 207(a) of the FLSA.  Additionally, this Court has personal jurisdiction over Defendant, since Defendant conducts business in the Southern District of Mississippi.

3.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant is domiciled within this District, and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

## PARTIES

### Plaintiff

4.      Plaintiff Alberta Norman is an individual and a citizen of the State of Mississippi who resides in Hattiesburg, Mississippi.   Plaintiff has been employed by Neighborhood Healthcare Providers, PLLC as a home health aide since approximately 2014.

5.      Pursuant to 29 U.S.C. § 216(b), Plaintiff Alberta Norman consents in writing to be a party to the FLSA claims asserted.  Her consent form is attached as Exhibit A.  As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

6.      Plaintiff and those similarly situated are or were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

7.      This action is brought as a putative collective action under the FLSA for failure to pay federally mandated overtime compensation.

8.      Defendant has willfully engaged in a pattern, policy and practice of unlawful conduct for the actions alleged in this Complaint, in violation of the rights of Plaintiff and those similarly situated.

### Defendant

9.      Defendant Neighborhood Healthcare Providers, PLLC is a Mississippi professional limited liability company with its principal place of business located at 2503 Glendale Avenue, Hattiesburg, Mississippi.  Defendant is an agency that provides in home respite services in clients' homes.

10.     Defendant employs home health aides, collectively referred to herein as "Home Health Aides."

11.     Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

12.     Plaintiff, and all those similarly situated, are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

13.     At all relevant times, Defendant is, and has been, an "employer" of Plaintiff, and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203(d).

## COLLECTIVE ACTION DEFINITION

14.     The group of similarly situated employees sought to be certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former home health aides employed by Neighborhood Healthcare Providers, PLLC at any time within the three (3) years prior to filing this Complaint (the "FLSA Collective").

## FACTS

15.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

16.     Plaintiff and the members of the proposed FLSA Collective are or were employed by Defendant as Home Health Aides to provide in home respite services in clients' homes.

17.     Defendant has suffered and permitted Plaintiff to regularly work more than forty (40) hours in certain workweeks.

3

18.     Until June 23, 2019, Defendant's practice was to pay overtime premium on the first ten (10) hours of overtime per two-week pay period, but not to pay the overtime premium on any overtime hours worked over and above the first ten (10) hours of overtime.

19.     For example, for the two-week pay period from March 3, 2019 through March 16, 2019, Plaintiff worked one hundred (100) hours.  She was paid straight time for ninety (90) hours worked.  She was only paid overtime premium for ten (10) hours worked.

20.     Again, Plaintiff worked one hundred and seven (107) hours during the two-week pay period from May 26, 2019 through June 8, 2019. She was paid straight time for ninety-seven (97) hours and was only paid overtime premium for ten (10) hours worked.

21.     Beginning with the pay period starting June 23, 2019, Defendant stopped paying overtime premium altogether.

22.     For example, for the two-week pay period from June 23, 2019 through July 6, 2019, Plaintiff worked ninety-four and three/one-hundredths (94.03) hours. She was paid straight time for all hours worked and was not paid overtime premium for any of her overtime hours.

23.     Upon information and belief, Defendant has also suffered and permitted the members of the FLSA Collective to regularly work more than forty (40) hours in certain workweeks.

24.     Plaintiff and those similarly situated were not compensated in accordance with the FLSA because they were not paid proper overtime wages for all hours worked in excess of forty (40) hours per workweek.  Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA, Defendant only paid them 1.5 times their regular rate of pay for their first ten (10) overtime hours per pay period and paid them "straight time" for their remaining overtime hours worked.

25.     Beginning June 23, 2019, Plaintiff and those similarly situated were not compensated in accordance with the FLSA because they were not paid proper overtime wages for any hours worked in excess of forty (40) hours per workweek. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA, Defendant only paid them "straight time" for all hours worked.

26.     Defendant is aware, or should have been aware, that Plaintiff, and members of the FLSA Collective, perform work that requires them to work overtime.  Defendant assigns Plaintiff's work schedule and requires Plaintiff, and those similarly situated, to report their work hours via weekly timesheets, which routinely reflect overtime hours.

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

28.     Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

29.     Defendant has violated, and is violating, the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying healthcare workers, like Plaintiff and the FLSA Collective, overtime as required by law.

30.     Defendant is aware that it misclassified its workers, and is not and was not compensating Plaintiff and the FLSA Collective properly for overtime, because, for example, Home Health Aides complained to Defendant about not receiving 1.5 times their regular rate for overtime hours worked.

5

31.     Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40).

**VIOLATION OF THE FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.***

32.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

33.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

34.     Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

35.     Defendant knew, or showed reckless disregard for the fact, that it failed to pay these non-exempt individuals proper overtime compensation in violation of the FLSA.

36.     Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of wages and interest thereon.

37.     Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

a.     Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

6

b.      Judgment that Plaintiff and those similarly situated are entitled to the overtime protections under the FLSA;

c.      Judgment against Defendant for violation of the overtime provisions of the FLSA;

d.      Judgment that Defendant's violations of the FLSA were willful;

e.      An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

f.      An award of any pre- and post-judgment interest;

g.      An award of reasonable attorneys' fees and costs;

h.      Leave to add additional plaintiffs, defendants, and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

i.      Such further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,
/s/Joel Dillard          Date:11/6/19
JOEL DILLARD
JOEL F. DILLARD, P.A.
775 N. Congress St.
Jackson MS 39202
Ph: 601-487-7369
Email: joel@joeldillard.com
MS Bar No. 104202
Counsel for Plaintiff

Philip Bohrer*
Scott E. Brady*
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
(225) 925-5297 Phone
(225) 231-7000 Fax

*to be admitted pro hac vice