UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ALBERTA NORMAN, individually and on
behalf of other similarly situated individuals                                    PLAINTIFF

v.                                                            Civl Action No. 2:19cv170-KS-MTP

NEIGHBORHOOD HEALTHCARE PROVIDERS, PLLC                                    DEFENDANT

---

RESPONSE IN OPPOSITION TO MOTION TO CONDITIONALLY CERTIFY
A FLSA COLLECTIVE ACTION
BY DEFENDANT NEIGHBORHOOD HEALTHCARE PROVIDERS, PLLC

COMES NOW, Defendant Neighborhood Healthcare, PLLC ("NHC") and hereby submits its

response in opposition to Plaintiff's Motion to Conditionally Certify a FLSA Collective Action and

Approve Notice [Docket No. 16] and in support of same states as follows:

INTRODUCTION

Defendant NHC agrees in principle that Plaintiff Ms. Norman ("Norman") has aptly stated

the law concerning conditional certification.  NHC, however, does not agree that Norman has

satisfied the requirements needed to satisfy the albeit lenient conditional certification standard.

ARGUMENT

This court must look closely at the pleadings and affidavits provided thus far to determine

whether Norman can meet the elements required for a conditional certification.  Concerning the

requirements for conditional certification, a Plaintiff must show (1) "that aggrieved individuals

exist," (2) who "are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted," and (3) "that those individuals want to opt in to the lawsuit." *Swayles v. KLLM Transport Serv., LLC,* 410 F.Supp.3d 786, 792 (S.D. Miss. 2019) (*citing Harris v. Hinds County, Mississippi,* Civil Action No. 3:12cv542, 2014 WL 457913 (S.D. Miss. Feb. 4, 2014)).   NHC respectfully submits that Norman has not specifically shown the presence of these elements in this matter.

Norman has not submitted any affidavits from other potential opt in plaintiffs.  She has not provided the name of any other potential member.  Further, the information Norman submits appears contradictory concerning similarly situated persons.   Norman declares in her sworn affidavit that she was a personal care attendant.  [Docket No. 16-5 at ¶3].  She then goes on to state that she also worked in the payroll office.  *Id.* at ¶18 ("I also worked in payroll in the office for [NHC].")  Nowhere in the pleadings presented has Norman claimed that others with such dual roles are potential plaintiffs.

Norman seeks to send notice to "All current or former home health aides employed by Neighborhood Healthcare Providers, LLC at any time within the last (3) three years, and who were not paid overtime for all hours worked over forty (40) hours in some workweeks."  The proposed notice is limited to former home health aides.  By her own affidavit, Norman claims she was not exclusively a home health aide.  She also had duties in the payroll office.  Thus, she has not shown

she belongs in a pool of home health aides.  In other words, she cannot demonstrate that there are others who are similarly situated.  Furthermore, even if Norman entered time as part of her duties in payroll, she makes no allegation that she actually saw what amount any other employee was paid.  Entering time in payroll does not equate having personal knowledge of whether or not overtime was ultimately paid.

From the information Norman has submitted, even with the lenient standard given, she has not sufficiently shown that there are others who were similarly situated and actually are interested in participating in this litigation.  Norman has indicated that she was a home health aide with additional duties in payroll.  No other person has been mentioned who meets these criteria, let alone expressed personal interest in opting in the Norman's lawsuit.  As such, NHC respectfully requests the court to deny Norman's Motion to Conditionally Certify an FLSA Collective Action.

## **NOTICE**

While maintaining its opposition to conditional certification, should the motion be granted, NHC objects to the variety of formats Norman wishes to utilize.

*1.  Email Notice is Unnecessary*

Notice by first-class mail is sufficient to serve the remedial purposes of the FLSA; thereby making notice by email redundant and unnecessary. "Historically, first class mailing has been utilized because it provides a controlled method by which individual notification can be provided through a reliable process which ensures that proper notice is received by the potential class

members." *Karvaly v. eBay, Inc*., 245 F.R.D. 71, 91 (E.D.N.Y. 2007) (quoting *Reab v. Elec. Arts, Inc.,*

214 F.R.D. 623 (D. Colo. 2002). Moreover, notification by electronic mail creates risks of distortion

or misleading notification that are substantially reduced when first class mail is used. The *Reab*

court noted:

> electronic communication inherently has the potential to be copied and
> forwarded to other people via the internet with commentary that could distort
> the notice approved by the Court. Electronic mail heightens the risk that the
> communication will be reproduced to large numbers of people who could
> compromise the integrity of the notice process. In addition, email messages could
> be forwarded to non-class members and posted to internet sites with great ease.

214 F.R.D. at 630-31.

Here, Norman claims that she has no affidavits as the potential opt in persons "are all still

employed by [NHC]."   [Docket 16-5 at ¶19].   If that is the case, Norman should receive

appropriate address information from NHC if required to produce for those still employed with

it.  Electronic mailing has not been shown to be a necessity here.

### 2. *Reminder Notice is Inappropriate*

A reminder notice postcard does nothing more than encourage and facilitate potential

class members to join a lawsuit. Sending a putative class member initial notice of an action is

informative; sending them a "reminder" is redundant. *Palma v. Metropcs Wireless, Inc*., No.

8:13cv698, 2014 WL 235478, at *3 (M.D. Fla. Jan. 22, 2014). A reminder notice stirs up litigation

and inappropriately encourages putative plaintiffs to join the suit. *Garcia v. TWC Admin., LLC,*

No.SA:14cv985, 2015 WL 1737932, at *6 (W.D. Tex. April 16, 2015); *Rojas v. Garda CL Southeast,*

*Inc.,* 297 F.R.D. 669 (S.D. Fla. 2013) ("a reminder notice is unnecessary and potentially could be

interpreted as encouragement by the Court to join the lawsuit."); *Montoya v. S.C. C.P. Painting*

*Contractors, Inc.*, No.CCB-07-455, 2008 WL 554114, at *4 (D. Md. Fed. 26, 2008) (The court must take pains to avoid the stirring up of litigation through unwarranted solicitation and to recognize that an employer should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense. A request to send reminder notices has the potential to unnecessarily "stir up litigation."). The Court should deny Norman's requests for a reminder notice.

### 3. *Notice Should Include Right to Own Counsel and of Potential Monetary Responsibility*

Notice must inform potential class members that they may contact any attorney of their choosing to discuss the case, and there is no specific limitation to Norman's counsel capable as they are. *See Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010); *Moran v. Ceiling Fans Direct, Inc.,* No.H-06-813, 2006 WL 2868939 (S.D. Tex. Oct. 5, 2006) ("The potential class needs to be aware that…they may contact and discuss this matter with any attorney of their choosing."). Here, the proposed notice fails to include information regarding putative class members' right to retain counsel of their own choosing. Without this advisory, the proposed notice gives the inaccurate impression that the sole avenue for class members to pursue their claims is through Norman's counsel. As such, courts continuously require the advisory be included in the notice. *Lee v. Veolia ES Indus. Servs., Inc*., No.1:12cv136, 2013 WL 2298216, at *20 (E.D. Tex. May 23, 2013); *Gambo v. Lucent Techs., Inc.*, No.05-C-3701 2005 WL 3542485, at *7 (N.D. Ill. May 10, 2010).

Additionally, the proposed notice fails to advise potential plaintiffs that if they do not prevail, they may be responsible for costs and expenses. Courts within the Fifth Circuit require

the proposed notice to accurately inform the potential plaintiffs of liabilities. *See Behnken v. Luminant Min. Co.*, LLC, 997 F. Supp. 2d 511, 525 (N.D. Tex. 2014) (potential plaintiffs need to know whether they may be subjected to liabilities in order to make an informed decision about whether to join the lawsuit); *Garcia*, 2015 WL 1737932, at *7 (court concluded that notice must inform potential plaintiffs that they could be liable for their proportional share of taxable court costs if they do not prevail in this case). As such, any notice should advise potential plaintiffs of their potential liabilities so an informed decision may be made.

4. *Request for Contact Information Should be Limited.*

Norman requests NHC reveal employees/former employees' names, addresses, emails, cellular phone numbers, and unique identifiers along with their dates of birth and last four digits of their social security numbers.  [Docket No. 17 at 12].  This Court should deny Norman's request for class members' partial social security numbers, employee identifiers, birth dates, and email addresses as such information is unnecessary to allow for sufficient notice under the FLSA. Courts generally order defendants to produce putative class members' names and addresses, and this amount of information produced is sufficient. *Garcia*, 2015 WL 1737932, at *4; *see Altiep v. Food Safety Net Serv. Ltd,* No.3:14cv642, , 2014 WL 4081213, at *6 (N.D. Tex. Aug. 18, 2014) (denying plaintiffs' request for telephone numbers and email addresses because "Plaintiffs have shown no reason that sending a letter to a potential plaintiff's last known address would provide inadequate notice"); *Prejean v. O'Brien's Response Mgmt., Inc.*, 2013 WL 5960674, at *10 (E.D. La. Nov. 06, 2013).  Here, Norman's sworn affidavit is that the potential opt in plaintiffs remain employed at NHC.  As such, names, addresses, and telephone numbers should provide more than sufficient information for notice to be provided.

**CONCLUSION**

Neighborhood Healthcare Providers, PLLC, respectfully request this Court to deny Plaintiff's Motion to Conditionally Certify a FLSA Collective Action and Approve Notice and any such other relief as the Court deems appropriate.

Respectfully submitted, this the 4th day of June 2020.

**NEIGHBORHOOD HEALTHCARE**

**BY:**   /s/ Ellen Robb
Ellen Robb
One of its Attorneys

Of Counsel:
Julie Mitchell (MSB 10006)
Ellen Robb (MSB 100908)
HAGWOOD AND TIPTON
213 Draperton Drive, Ste A
Ridgeland, MS 39157
601-608-6300 (t)
601-362-3642 (f)
erobb@hatlawfirm.com
jmitchell@hatlawfirm.com

**CERTIFICATE OF SERVICE**

I, Ellen Robb, hereby certify that a copy of the foregoing document was sent served via the court's electronic filing system to the following:

Joel Dillard (joel@joeldillard.com)
Counsel for Plaintiff

AND

Philip Bohrer (phil@bohrerbrady.com)
Scott Brady (scott@bohrerbrady.com)
Amanda McGowen (amcgowen@bohrerbrady.com)
Counsel for Plaintiff (Pro hac vice)

This, the 4th day of June 2020.


/s Ellen Robb
ELLEN ROBB