IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ALBERTA NORMAN, individually and on
behalf of other similarly situated individuals**                          **PLAINTIFF**

**v.**                               **CIVIL ACTION NO. 2:19-CV-170-KS-MTP**

**NEIGHBORHOOD HEALTHCARE
PROVIDERS, PLLC**                                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants in part and denies in part** Plaintiff's Motion to Conditionally Certify an FLSA Collective Action and Approve Notice [14, 16], as provided below.

### I. BACKGROUND

Plaintiff worked as a home health aide for Defendant. She alleges that Defendant failed to pay her overtime compensation as required by the Fair Labor Standards Act ("FLSA"). She filed this suit as a putative collection action and filed a Motion to Conditionally Certify an FLSA Collective Action and Approve Notice [14, 16]. Defendant opposes the motion.

### II. DISCUSSION

The FLSA requires covered employees to compensate nonexempt employees at a minimum wage and to pay overtime rates when they work over forty hours a week. *See* 29 U.S.C. §§ 206(a), 207(a). It also provides that an employee may bring suit against an employer "for and on behalf of himself . . . and other employees similarly

situated." 29 U.S.C. § 216(b). Potential plaintiffs must "opt in" to an FLSA collective action, in contrast to Rule 23 class actions, which require class members to "opt out." *Harris v. Hinds County*, 2014 WL 457913, at *1 (S.D. Miss. Feb. 4, 2014). "If the Court decides to conditionally certify the class, putative class members are given notice, an opportunity to opt in to the litigation, and adequate time for discovery." *Id.* at *2. Conditional certification under the FLSA "does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to the employees, who in turn become parties to a collective action only by filing written consent with the court . . . ." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013) (internal citation omitted).

The Fifth Circuit has not endorsed a procedure for determining whether to conditionally certify a class under the FLSA. *Clarke v. Convergys Customer Mgmt. Group, Inc.*, 370 F. Supp. 2d 601, 604 (S.D. Tex. 2005). But most district courts in this Circuit have adopted the two-stage *Lusardi* approach. *See Hubbard v. Gen. Dynamics Info. Tech., Inc.*, 2019 WL 2774332, at *4 (S.D. Miss. July 2, 2019) (listing cases). The Court performs a two-step analysis. *Mooney v. Aramaco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995). The first stage is the "notice" stage, in which "the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members." *Id.* at 1213-14. The second stage is the "merits" or "decertification" stage.

*Id.* at 1214. It is "typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial." *Id.* At the decertification stage, the court "makes a factual determination" as to whether the class members are similarly situated. *Id.* The present motion only implicates the first stage of the analysis.

### A.  *Conditional Certification*

The Court must "determine[ ] whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). The plaintiff must demonstrate that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." *Harris*, 2014 WL 457913 at *2. The Court considers the "pleadings and any affidavits which have been submitted." *Id.*

The FLSA does not define the term "similarly situated," but courts generally look to whether the proposed class members are similarly situated "with respect to their job requirements and with regard to their pay provisions." *Brooks v. BellSouth Telecomm., Inc.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995). Potential class members need only be "similarly situated," rather than identically situated. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001). The plaintiff's burden is not

3

particularly stringent, but "it is by no means automatic." *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007). "The lenient standard requires at least a modest factual showing sufficient to demonstrate that the plaintiff and potential plaintiffs together were victims of a common policy or plan that violated the law." *Harris*, 2014 WL 457913 at *2. But the court "should deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Id.* (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)).

Plaintiff alleged that she has been employed as a home health aide by Defendant for several years. Complaint at 2, *Norman v. Neighborhood Healthcare Providers, PLLC*, No. 2:19-CV-170-KS-MTP (S.D. Miss. June 4, 2020), ECF No. 1. She alleged that "Defendant's practice was to pay overtime premium on the first ten (10) hours of overtime per two-week pay period, but not to pay the overtime premium on any overtime hours worked over and above the first ten (10) hours of overtime." *Id.* at 4. Moreover, she contends that "[b]eginning with the pay period starting June 23, 2019, Defendant stopped paying overtime premium altogether." *Id.* She also alleged that Defendant employs other home health aides, *id.* at 3, and that it "has also suffered and permitted [them] . . . to regularly work more than forty (40) hours in certain workweeks" without overtime pay. *Id.* at 4.

In her declaration, Plaintiff stated that she has "personal knowledge that other home health aides worked over forty (40) hours in a workweek because [she] also

4

worked on payroll in the office . . . entering timesheets for other home health aides and saw that other home health aides also worked more than forty (40) hours in some workweeks." Exhibit E to Motion to Conditionally Certify at 4, *Norman v. Neighborhood Healthcare Providers, PLLC*, No. 2:19-CV-170-KS-MTP (S.D. Miss. May 21, 2020), ECF No. 16-5. She is also "aware of other home health aides who complained about not being paid overtime," *id.*, and she has "personal knowledge that [Defendant's] policy of initially only paying overtime for the first ten (10) hours of overtime per pay period was companywide because . . . [Defendant's] owner and operator . . . held an employee meeting during which she discussed that [Defendant] could only pay home health aides ten (10) hours of overtime per pay period." *Id.* at 3.

Finally, Plaintiff declared that "all home health aides employed by [Defendant] had the same or similar job descriptions and performed the same basic duties – providing companionship and respite care to Defendant's clients." *Id.* at 4. She also attached copies of an "activity sheet" of those duties, Exhibit B to Motion to Conditionally Certify, *Norman v. Neighborhood Healthcare Providers, PLLC*, No. 2:19-CV-170-KS-MTP (S.D. Miss. May 21, 2020), ECF No. 16-2, and a job description listing the duties. Exhibit C to Motion to Conditionally Certify, *Norman v. Neighborhood Healthcare Providers, PLLC*, No. 2:19-CV-170-KS-MTP (S.D. Miss. May 21, 2020), ECF No. 16-3.

Defendant argues that Plaintiff's allegations and evidence are not sufficient to meet the applicable standard because she has not provided the names of potential

class members or submitted their affidavits. As this Court has previously noted, "[a]ffidavits from potential class members affirming their intention to join the suit are ideal for an analysis of whether the putative class members were together the victims of a single decision, policy or plan," but "they are not required." *Harris*, 2014 WL 457913 at *3 (quoting *Simmons v. T-Mobile USA, Inc.*, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007)). "[R]equiring that multiple potential class members affirm their intention to join the suit before notice is issued would require plaintiffs or their counsel to solicit opt-in plaintiffs without the benefit of court-approved notice – which defeats the purpose of this stage of the litigation." *Id.*

The Court agrees that affidavits from opt-in plaintiffs would be ideal, and the Court is mindful of the danger of approving an unsupported fishing expedition for potential opt-in plaintiffs. However, the Court applies a fairly "lenient" standard at this stage of the proceedings, and Plaintiff is permitted to rely on her pleading and any evidence she wishes to submit. *Id.* at *2. This is not a case where the plaintiff presented no evidence whatsoever. Moreover, Plaintiff's factual allegations are fairly specific, and she did not rely on conclusory allegations or generalized language quoted from case law. Finally, Plaintiff's alleged experience in Defendant's payroll office puts her in a unique position to know whether there are other home health aides who were denied overtime compensation.

Defendant also argues that Plaintiff has not shown that the potential class of plaintiffs are similarly situated to her in that she claims to have worked as both a

6

home health aide and in the payroll office. "[C]ollective action certification is not precluded by the fact that the putative plaintiffs performed various jobs in differing departments and locations." *Id.* at *5 (quoting *Donohue v. Francis Servs., Inc.*, 2004 WL 1161366, at *2 (E.D. La. May 24, 2004)). They need only be "similarly situated," rather than identically situated. *Hipp*, 252 F.3d at 1219.

Plaintiff clarified in a supplemental declaration that she "worked in Defendant's payroll office assisting with payroll on only two short occasions during [her] approximately five-year employment with Defendant," each time for "approximately one to two months." Exhibit A to Reply at 2-3, *Norman v. Neighborhood Healthcare Providers, PLLC*, No. 2:19-CV-170-KS-MTP (S.D. Miss. June 11, 2020), ECF No. 21-1. She "continued to provide home health aide during those periods." *Id.* at 3. Accordingly, the Court concludes that Plaintiff has sufficiently demonstrated that she is similarly situated to other home health aides employed by Defendant, despite having additional responsibilities for brief periods of her employment.

For these reasons, the Court concludes that Plaintiff has made a sufficient showing that there are other aggrieved individuals similarly situated to her that would want to opt in to this lawsuit. Accordingly, she has met the requirements for conditional certification of a class for an FLSA collective action. The Court approves issuance of a notice to the following class: All current or former home health aides employed by Neighborhood Healthcare Providers, PLLC at any time within the three

(3) years prior to the initiation of this lawsuit, who were not paid overtime for all hours worked over forty (40) in any workweek.

### B.     *Form of the Notice*

"In motions for conditional certification of FLSA collective actions, the Supreme Court has declined to determine what form court-approved notice must take or its contents and instead has delegated these tasks to the district court's broad discretion." *Harris*, 2014 WL 457913 at *7. The Court has examined Plaintiff's proposed notice, and it clearly states Plaintiff's allegations and the class criteria. *See* Exhibit L to Motion to Conditionally Certify, *Norman v. Neighborhood Healthcare Providers, PLLC*, No. 2:19-CV-170-KS-MTP (S.D. Miss. May 21, 2020), ECF No. 16-12. The Court generally finds that the proposed notice is appropriate, although some modifications are provided below. Defendant has several objections to the proposed notice.

####      1.     *E-Mail Notice*

First, Defendant argues that it is unnecessary to provide notice by e-mail, and that first-class mail is enough to serve the FLSA's remedial purposes. The Court does not see any harm in permitting notice by e-mail. Much of the business previously conducted via first-class mail has transitioned to paperless formats in recent years. Also, this Court has allowed such notice to be provided by e-mail. *See, e.g. Duggan v. High Impact Mktg., LLC*, 2019 WL 2870103, at *4 (S.D. Miss. July 3, 2019); *see also Kelley v. Alpine Site Servs.*, 2020 WL 1659926, at *5 (S.D. Tex. Mar. 31, 2020). Notice

8

may be provided by e-mail, in addition to first-class mail.

   2.   *Reminder Notice*

Next, Defendant argues that sending a "reminder" notice is redundant and unnecessary. "Across the country there is a split of authority on whether reminder notices should be allowed." *Lawrence v. A-1 Cleaning & Septic Sys., LLC*, 2020 WL 2042323, at *5 (S.D. Tex. Apr. 28, 2020) (citing cases). However, as one Magistrate Judge noted: "A reminder notice also helps ensure that those potential plaintiffs, who read the original notice but forget about it in the hustle and bustle of daily life, are reminded at least once about their opportunity to join the lawsuit." *Id.* While there are legitimate concerns that a reminder notice may give the impression that the Court "actively promotes participation" in the case, that problem can be solved by adding language "expressly stating that the Court does not encourage or discourage participation in the case." *Id.*

This Court has permitted reminder notices on at least two separate occasions. *See, e.g. Birdie v. Brandi's Hope Cmty. Servs., LLC*, 2017 WL 2588089, at *4 (S.D. Miss. June 14, 2017); *Brown v. Phenix Transp. W., Inc.*, 2016 WL 3648274, at *4 (S.D. Miss. Mar. 31, 2016). The Court also notes the transient nature and working conditions of many home health aides, particularly in the current circumstances of a global pandemic. *See Kolasa v. BOS Solutions, Inc.*, 2018 WL 3370675, at *7 (W.D. Penn. May 10, 2018) (considering the transient nature of the work performed by the putative class members). Accordingly, the Court finds that a reminder notice would

9

be appropriate, as long as both the initial notice and the reminder notice contain the following language: "The Court neither encourages nor discourages your participation in this case."

### 3.  *Additional Language*

Defendant argues that the notice should inform potential class members that they have a right to retain their own counsel, and that they could be responsible for costs and expenses if they do not prevail. Plaintiff objects to inclusion of this language, arguing that it would discourage participation, and that it is unnecessary and confusing.

The Court sees no harm in permitting such language. The information provided is accurate, and the need for potential class members to be fully informed outweighs any risk that they would be discouraged to participate. *See Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 524 (N.D. Tex. 2014); *Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010); *Garcia v. TWC Admin., LLC*, 2015 WL 1737932, at *7 (W.D. Tex. Apr. 16, 2015); *Lee v. Veolia ES Indus. Servs., Inc.*, 2013 WL 2298216, at *20 (E.D. Tex. May 23, 2013). Moreover, the Court has already ordered the inclusion of language indicating that it neither encourages nor discourages participation.

Therefore, the notice must inform potential class members that they may contact any attorney of their choosing to discuss the case, and that they have the right to retain their own counsel. The notice must also inform potential class members that

they may be liable for some costs and expenses if they do not prevail.

   *4.   Contact Information*

Plaintiff requested that the Court order Defendant to produce the following information of all potential class members: name, address, e-mail address, employee number or unique identifier, dates of employment, cellular telephone number, date of birth, and the last four digits of their social security number. Defendant objects to production of the class members' partial social security numbers, employee numbers or identifiers, dates of birth, and e-mail addresses. The Court sustains the objection to all but the e-mail addresses. Defendant is not required to produce the potential class members' social security numbers, in part or whole; employee numbers or identifiers; and dates of birth. Plaintiff does not need social security numbers, dates of birth, or Defendant's internal employee identifiers to send notice to the potential class members. The Court also orders that Defendant need not provide class members' cellular telephone numbers, as the Court will not permit notice by text message.

### III. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Plaintiff's Motion to Conditionally Certify an FLSA Collective Action and Approve Notice [14, 16], as provided herein.

The Court conditionally certifies this action as an FLSA collective action, and the class shall be defined as: All current or former home health aides employed by

11

Neighborhood Healthcare Providers, PLLC at any time within the three (3) years prior to the initiation of this lawsuit, who were not paid overtime for all hours worked over forty (40) in any workweek.

Within fourteen days of the entry of this order, Defendant shall provide to Plaintiff a list of all potential opt-in plaintiffs, containing their names, last known addresses, e-mail address, and dates of employment.

The Court approves the form of the notice proposed by Plaintiff, except as provided herein. Plaintiff shall modify the notice as ordered by the Court.

The Court denies Plaintiff's motion insofar as Plaintiff requests that the Court require Defendant to post the notice in its offices. An initial notice and one reminder sent by first-class mail and e-mail are sufficient to ensure that potential class members receive notice.

The Court also denies Plaintiff's motion insofar as Plaintiff requests that the Court permit notice by text message, as many potential class members may incur costs upon receipt of an unsolicited text message. Moreover, although the text message would contain a link to the full notice, it would not provide all the information contained in the notice. Finally, many people – quite reasonably – do not care to receive unsolicited phone calls and/or text messages. Notice by first-class mail and e-mail are sufficient to ensure that potential class members receive notice.

The parties shall contact the chambers of the Magistrate Judge to schedule a case management conference to discuss scheduling issues related to production of the

information listed above, the opt-in period, and issuance of notices.

SO ORDERED AND ADJUDGED this 19th day of August, 2020.

/s/    Keith Starrett            
KEITH STARRETT  
UNITED STATES DISTRICT JUDGE
